## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Marchial Diaz, Rircardo Lara, Platon Portillo And Julian Lara | : | |
| | : | CIVIL ACTION NO: |
| | : | |
| **Plaintiffs,** | : | |
| v. | : | |
| | : | |
| Madison Earth Care Service and Robert Blundon | : | |
| | : | |
| **Defendants.** | : | |
| | : | March 13, 2009 |
| | : | |

## COMPLAINT

### I.   INTRODUCTION

1.      This is an action brought by the Plaintiffs, a group of four laborers, against the Defendants, Madison Earth, LLC, and Robert Blundon arising from the Defendants' failure to pay the Plaintiffs wages for their work, and the Defendants' actions in retaliating against the Plaintiffs.  The Plaintiffs allege violations of the overtime wage provisions of the federal Fair Labor Standards Act, 29  U.S.C. §201, et seq., and the minimum wage, overtime wage and wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 et seq.  The Plaintiffs also allege violations of the ant-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3), and of Connecticut law, including Conn.Gen.Stat. §31-69.  The Plaintiffs seek double their unpaid wages pursuant to both the FLSA and Connecticut law, compensatory damages, punitive damages, their reasonable attorney's fees and costs, injunctive relief and such other remedies as the Court may deem just.

## II.   <u>JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.   <u>THE PARTIES</u>

4.      The Plaintiffs are Marcial Diaz, Rircardo Lara, Platon Portillo, and Julian Lara. The Plaintiffs are residents of Connecticut.  At all times relevant to this Complaint the Plaintiffs were employees of the Defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the Plaintiffs were employees engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6.      Defendant Madison Earth Care Service, Inc., has a place of business at 1250A Durham Road, Madison, Connecticut.  Defendant Robert Blundon is the President and Director of Madison Earth Care Service and he resides at 924 Summerhill Road, Madison, Connecticut.  At all times relevant to this Complaint, Defendant Blundon made all relevant decisions regarding payment of wages to the Plaintiffs by Madison Earth Care Service.  At all times relevant to this Complaint, the Defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.   STATEMENT OF FACTS

7.      The Plaintiffs were among a group of landscaping workers employed by the Defendants at various times in the three years prior to the date of filing of this Complaint.  The employment was and is for the most part seasonal in nature, and the Plaintiffs and other workers often performed little or no work for the Defendants during the winter months.

8.      Although the Plaintiffs and their co-workers regularly worked in excess of forty hours in a one week period, the Defendants did not pay the Plaintiffs at one and one-half times their regular hourly rate for all hours worked in excess of forty hours in a one week period.

9.      The Plaintiffs were generally paid by check for their first 40 hours of work in a one week period.  The Defendant generally paid them in cash for hours worked in excess of 40 hours in a one week period, but such cash payments were at "straight time" with no payment of an overtime premium.

10.     From time to time, the Defendants arbitrarily reduced the amount of money to be paid to the Plaintiffs and their co-workers for their work, claiming that the deductions from their pay was a "penalty" for offenses such as a worker not tucking in his shirt while on the job.

### A.   Marcial Diaz

11.     Plaintiff Marcial Diaz was employed by the Defendants at various times from on or about February 27, 2006, to on or about August 2, 2008.

12.     The Defendants paid Diaz at a regular hourly rate of $8.00 an hour in 2006, $9.00 an hour in 2007, and $10.10 an hour in 2008.

13.     Diaz regularly worked between 53 and 58 hours each week that he was employed by the Defendants.

14.     By the end of Diaz's employment in 2008, the Defendants had failed to pay him approximately $4,145.00

15.     In or about January, 2009, and as a result of the Plaintiffs' demands, the Defendants paid Diaz the sum of $1502.70 -- less than half of what he was owed.

**B.     Ricardo Lara**

16.     Plaintiff Ricardo Lara was employed by the Defendants at various times from on or about March 6, 2006, to on or about July 26, 2008.

17.     The Defendants paid Ricardo Lara at a regular hourly rate of $10.00 an hour in 2006, $12.00 an hour in 2007, and $14.00 an hour in 2008.

18.     Ricardo Lara regularly worked between 53 and 58 hours each week that he was employed by the Defendants.

19.     By the end of Ricardo Lara's employment in 2008, the Defendants had failed to pay him approximately $5,322.00.

20.     In or about January, 2009, and as a result of the Plaintiffs' demands, the Defendants paid Ricardo Lara the sum of $2,358.00 -- less than half of what he was owed.

**C.     Platon Portillo**

21.     Plaintiff Platon Portillo was employed by the Defendants at various times from in or about March 6, 2006, to on or about August 2, 2008.

22.     The Defendants paid Portillo at a regular hourly rate of $8.00 an hour in 2006, $8.75 an hour in 2007, and $10.50 an hour in 2008.

23.     Portillo regularly worked between 53 and 58 hours each week that he was employed by the Defendants.

24.     By the end of Portillo's employment in 2008, the Defendants had failed to pay him approximately $$3,832.51.

25.     In or about January, 2009, and as a result of the Plaintiffs' demands, the Defendants paid Portillo the sum of $1,359.38 -- less than half of what he was owed.

**D.     Julian Lara**

26.     Plaintiff Julian Lara was employed by the Defendants at various times from March 27, 2006, to on or about July 26, 2008.

27.     The Defendants paid Julian Lara at a regular hourly rate of $6.00 an hour in 2006, $7.00 an hour in 2007, and $8.00 an hour in 2008.

28.     Julian Lara regularly worked between 53 and 58 hours each week that he was employed by the Defendants.

29.     By the end of Julian Lara's employment in 2008, the Defendants had failed to pay him approximately $3,496.30.

30.     In or about January, 2009, and as a result of the Plaintiffs' demands, the Defendants paid Julian Lara the sum of $1,174.07 -- less than half of what he was owed.

31.     After the Plaintiffs ended their employment with the Defendants, they and eight other former employees contacted the New Haven community group Junta for Community Action (hereinafter, "Junta").  Through Junta, the twelve former employees communicated to the Defendants their demand for wages owed to them.

32.     As part of their efforts to recover the wages owed to them, the twelve former employees retained legal counsel.

33.     The Defendants' partial payment of the wages owed to the twelve former employees, as described above, was due to the concerted demands for payment and the threat of litigation.

34.     After the Defendants had made partial payment of the wages owed to the twelve former employees, the Defendants contacted several of the other former employees.  The

Defendants told them that they would be considered for re-hire, but only if they provided a written statement that they were no longer represented by Junta or by legal counsel and would not take any legal action against them.

35.    The Defendants were able to persuade several of the former employees to return to work under this condition, requiring that they abandon any legal claims, sever ties with their former co-workers, the community organizer from Junta, and their legal counsel in order to secure employment.

36.    The Defendants' unlawful conduct, conditioning employment on the abandonment of legal claims of non-payment of wages, also harmed the Plaintiffs, whose ability to present corroborating evidence by their fellow former employees has been diminished, and who now fear that they will be able to obtain further employment with the Defendants if they similarly abandon their legal claims.

## V.    COUNT ONE: FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS

1.    The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 36, above.

37.    The Defendants did not pay the Plaintiffs one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours in a one week period, in violation of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §207.

38.    The Defendants' failure to pay the Plaintiff consistent with the federal overtime wage requirements was willful, inasmuch as the Defendants were aware of their obligation to pay overtime wages and did not do so.

## VI.    COUNT TWO: CONNECTICUT OVERTIME WAGE VIOLATIONS

1.    The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 39, above.

40.     The Defendants did not pay the Plaintiffs one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours in a one week period, in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

41.     The Defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the Defendants were aware of their obligation to pay the Plaintiffs consistent with the Connecticut minimum wage and did not do so.

## VII.   COUNT THREE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1.      The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 41, above.

42.     The Defendants failed to pay each of the Plaintiffs all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

43.     The Plaintiffs bring this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that they are owed.

44.     The Defendants' failure to pay wages at the agreed-upon rate as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the Defendants were aware of their obligation to pay the Plaintiffs and did not do so.

## VIII.   COUNT FOUR: FAIR LABOR STANDARDS ACT RETALIATION CLAIM

1.      The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 44, above.

45.     The Defendants' actions as described above in paragraphs 34-36, above, were intended to and did retaliate against the Plaintiffs and their co-workers for exercising their rights to be paid according to the overtime provisions of the Fair Labor Standards Act.

7

46.   ·The Defendants' conduct violated the anti-retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

47.   As a result of the Defendants' conduct, the Plaintiffs suffered emotional distress, pain and suffering.

## VIX.   COUNT FIVE: CONN.GEN.STAT. §31-69(a) AND §31-69b RETALIATION CLAIM

1.   The Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 47, above.

48.   The Defendants' actions as described above in paragraphs 34-36, above, were intended to and did retaliate against the Plaintiffs and their co-workers for exercising their rights to be paid according to the overtime provisions and wage payment provisions of Connecticut law.

49.   The Defendants' conduct violated the anti-retaliation provisions set out in Conn.Gen.Stat. §31-69(a), and §31-69b.

50.   As a result of the Defendants' conduct, the Plaintiffs suffered emotional distress, pain and suffering.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs requests that this Court:

1. Order the Defendants to pay to the Plaintiffs all wages owed, consistent with the federal and Connecticut overtime and wage payment laws;

2. Award the Plaintiffs liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b) and Conn.Gen.Stat. §31-72;

3. Award the Plaintiffs compensatory damages on their claims of unlawful retaliation under federal and Connecticut law.

4. Award the Plaintiffs punitive damages on their claims of unlawful retaliation under federal and Connecticut law.

5. Award the Plaintiffs their reasonable attorney's fees and costs;

6. Award the Plaintiffs prejudgment and post-judgment interest;

7. Order the Defendants to cease all retaliatory conduct and to post appropriate notices and communicate to current and former employees informing them of their right to be paid consistent with federal and state law and to be free from unlawful retaliation; and

8. Award the Plaintiffs such other legal and equitable relief that the Court deems appropriate.

## REQUEST FOR TRIAL BY JURY

The Plaintiffs respectfully requests a trial by jury as to all claims to which they are entitled.

THE PLAINTIFFS,

BY: _____

Peter Goselin ct16074
Livingston, Adler, Pulda,
Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105-2292
(860) 233-9821